UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Kid-U-Not, Inc. )<br>1201 Central Park Drive )<br>Sanford, Florida 32771 )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Sherry Manufacturing Co., Inc. )<br>3287 NW 65th Street )<br>Miami, Florida 33147 )<br>    Defendant. )<br>) | No.: _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Kid-U-Not, Inc., by and through its undersigned counsel, file this, its complaint for damages and injunctive relief against Defendant, Sherry Manufacturing Co., Inc. and alleges as follows:

**THE PARTIES**

1. This is an action for copyright infringement, trademark infringement and unfair competition against Defendant, Sherry Manufacturing Co., Inc.

2. Plaintiff, Kid-U-Not, Inc. is a corporation organized and existing under the laws of Florida with a principal place of business of 1201 Central Park Drive Sanford, Florida 32771. Plaintiff is engaged in a variety of businesses, including, embroidery, screen-printing, garment design and custom artwork.

3. Upon information and belief, Defendant, Sherry Manufacturing Co., Inc. is a corporation organized and existing under the laws of Florida with a principal place of business of 3287 NW 65th Street Miami, Florida 33147. Upon information and belief, Defendant manufactures clothing which is sold throughout the United States, including within this Judicial District. The Defendant has committed acts of copyright infringement, trademark infringement and unfair competition in this Judicial District, causing damages in this District.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1338(a) as the Plaintiff's cause of action arises under The Copyright Act, 17 U.S.C. §101 et. seq., and the Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. §1051 et. seq.

5. Pursuant to Florida Statute Section 48.193, this Court has personal jurisdiction over the Defendant in that the Defendant, as hereinafter alleged, is operating, conducting, engaging in or carrying on a business or business venture in this State, committed acts of copyright and trademark infringement and unfair competition in this State, caused injury in this State and otherwise have sufficient minimal contacts to meet the minimal jurisdictional requirements.

6. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C.§ 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District and in that defendant has committed acts of copyright and trademark infringement and unfair competition as alleged below, in this District and elsewhere.

## FACTUAL BACKGROUND

7. Plaintiff created the two-dimensional Art Work exemplified in Exhibit A attached hereto (hereinafter "Skull Design").

8. Plaintiff is the author and owner of all rights in and to the Skull Design and the Skull Design constitutes a copyrighted work.

9. The Skull Design is duly registered with the U.S. Copyright Office, Registration No. VA 1-832-666. A true and correct copy of Registration No. VA 1-832-666 is attached hereto as Exhibit B.

10. Copyright Registration No. VA 1-832-666 is valid and subsisting.

11. At least as early as September 29, 2006, Plaintiff first adopted and used the Skull Design in interstate commerce in connection with the marketing, distribution and sale of clothing.

12. The use of the Skull Design by Plaintiff, in interstate commerce, and in connection with clothing, has been continuous from September 29, 2006, to the present date.

13. The Skull Design is inherently distinctive.

14. As a result of Plaintiff's longstanding use, sales, advertising and marketing, long prior to Defendant's acts alleged herein, the Skull Design has acquired a strong distinctive meaning among the public.

15. Plaintiff is, and has been for many years prior to the acts of Defendant complained of herein, engaged in the promotion, advertising and sale of clothing under the Skull Design.

16. Plaintiff, for many years long prior to the acts of Defendant complained of herein, has become widely known as a source of clothing, having good quality and having acquired a favorable reputation and distinctiveness for clothing, offered in association with the Skull Design.

17. Plaintiff has acquired strong common law trademark rights in and to the Skull Design.

### DEFENDANT'S INFRINGING ACTS

18. Defendant has had access to Plaintiff's Skull Design.

19. Defendant copied Plaintiff's Skull Design and has used the copyrighted work in connection with the manufacture, marketing, distribution or sale of clothing. A photograph of Defendant's Infringing Artwork is attached hereto as Exhibit C (hereinafter "Infringing Artwork").

20. Plaintiff has never at any time authorized or granted the Defendant the right to copy the Skull Design nor to utilize the Infringing Artwork in conjunction with the manufacture, sale, offering for sale, marketing or distribution of clothing.

21. The results of an overlay vividly reveal the substantial similarities between the Skull Design and the Infringing Artwork. Please see Exhibit D.

22. Upon information and belief, the Defendant manufactures, markets and sells clothing imprinted with the Infringing Artwork throughout the United States, including this Judicial District.

23. Plaintiff has continuously used the Skull Design long prior to the date of the first use of the Infringing Artwork by Defendant.

24. Plaintiff has continuously used the Skull Design on goods that are identical, or substantially identical, to the goods of Defendant.

25. Defendant's adoption and use of the Infringing Artwork in conjunction with clothing is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

26. On October 19, 2012, Plaintiff made written demand to Defendant that Defendant terminate its use of the Infringing Artwork. A true and correct copy of Plaintiff's demand letter is attached as Exhibit E.

27. Upon information and belief, Defendant did not comply with Plaintiff's demand letter.

28. On December 5, 2012, Plaintiff's counsel received electronic mail from the President of the Defendant, Mr. Scott Coltune. Mr. Coltune's electronic mail is attached as Exhibit F.

29. By reason of Defendant's acts alleged above, Plaintiff has suffered damages some of which can be measured and others which cannot be measured. Plaintiff is entitled to injunctive relief in conjunction with damages in order to achieve complete relief. In addition, because Defendant threatens to continue to do the acts complained of herein and, unless restrained and enjoined, will continue to do so, Plaintiff is entitled to injunctive relief and absent injunctive relief will continue to be irreparably harmed by Defendant's actions.

30. Upon information and belief, Defendant's infringing activities were knowingly engaged in with a willful and reckless disregard of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

31. Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29 hereof and brings the following claim for copyright infringement against the Defendant.

32. Plaintiff owns all rights, title and interest in and to the Skull Design and the rights sought to be enforced herein.

33. Defendant has had access to the Skull Design.

34. Defendant has copied, made derivatives, reproduced or distributed one or more copies of the Skull Design throughout the United States, including this Judicial District.

35. The Infringing Artwork is substantially similar to the Skull Design.

36. The copying, making derivative copies, reproduction or distribution by Defendant of the Skull Design was without license, and therefore constitutes an infringement in violation of 17 U.S.C. §501.

37. Plaintiff has suffered a compensable injury by reason of the infringing activities of Defendant, and will continue to suffer irreparable injury unless Defendant's infringing activities are permanently enjoined.

38. Defendant's infringing activities were done knowingly and in a willful and reckless disregard of Plaintiff's rights.

39. Plaintiff has been forced to retain the undersigned counsel to enforce its rights to copyright and is entitled to reasonable fees from Defendant.

## SECOND CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN

40. Plaintiff specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37 hereof and brings the following claim for unfair competition and false designation of origin, pursuant to 15 U.S.C. § 1125(a), against the Defendant.

41. Defendant's adoption and use, as alleged above, of the Infringing Artwork in commerce constitutes a false designation of origin, a false or misleading description of fact and a

false or misleading representation that Defendant and any goods and services of Defendant have or may have originated with, or are sponsored or approved by, the Plaintiff.

42. Defendant's use, as alleged above, of the Infringing Artwork misrepresents the nature, characteristics, qualities and origin of Defendant and any goods and services Defendant sells or renders or will sell or render in the future.

43. Defendant's use, as alleged above, of the Infringing Artwork is likely to cause confusion and mistake, and to deceive customers, potential customers and the public as to the true affiliation, connection, or association of Defendant and any goods and services that Defendant sells or renders or will sell or render, all in violation of 15 U.S.C. § 1125(a).

44. Defendant's continuing acts of unfair competition are likely to cause substantial injury to Plaintiff, and have damaged and are likely to continue to damage Plaintiff's business, goodwill and reputation, all to Plaintiff's irreparable injury and to the injury of the public, unless restrained by this Court.

45. Defendant's acts of unfair competition are willful, with full knowledge of the falsity of the designation of their origin and description and representation, in an effort to mislead the purchasing public into believing that Defendant's goods and services are authorized or emanate from Plaintiff.

46. Defendant has obtained gains, profits and advantages as a result of its unlawful acts.

47. Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate entitling Plaintiff to an accounting of Defendant's profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

## DEMAND FOR JURY TRIAL

PLAINTIFF DEMANDS A TRIAL BY JURY.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

  A. For an injunction restraining and enjoining Defendant and its divisions, subsidiaries, officers, agents and employees and all those persons in active concert or participation with them, from:

  (i) making any present or future use of Skull Design or any other work or mark substantially or confusingly similar thereto;

  (ii) making any present or future use of the Infringing Artwork or any other work or mark substantially or confusingly similar thereto;

  (iii) engaging in any other activity constituting an infringement or dilution of any of Plaintiff's rights in the Skull Design.

  B. For an order requiring the recall, impoundment and destruction of all products imprinted with the Infringing Artwork and any other work or mark substantially or confusingly similar thereto.

  C. For an order requiring Defendant to file with the Court and serve upon Plaintiff's counsel within thirty days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the injunction and order.

  D. For an order requiring Defendant to:

  (i) Account for and pay over to Plaintiff all damages sustained by Plaintiff by reason of Defendant's unlawful acts alleged herein;

(ii)     Account for and pay over to Plaintiff all profits made by Defendant by reason of Defendant's unlawful acts alleged herein;

(iii)    Pay Statutory Damages pursuant to 17 U.S.C. § 504;

(iv)    Pay enhanced damages as provided by Title 15 and Title 17;

(v)     Pay Plaintiff's reasonable attorneys' fees and costs incurred in this litigation.

E.     For an order granting Plaintiff such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

Date: 12-7-12

Daniel R. Frijouf, TRIAL COUNSEL
FL Bar No. 0682306
Robert F. Frijouf, TRIAL COUNSEL
FL Bar No. 0177903
FRIJOUF, RUST & PYLE, P.A.
201 East Davis Boulevard (Davis Islands)
Tampa, Florida 33606-3787
Phone: 813.254.5100
Facsimile: 813.254.5400
frijouf@frijouf.com
dan@frijouf.com
ATTORNEYS FOR PLAINTIFF

9